UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF USA PURSUANT TO 18 U.S.C. 3512 FOR 2703(d) ORDER FOR ONE SNAPCHAT ACCOUNT SERVICED BY SNAP INC. | ML No. 22-ml-873 |

*Reference:*   *DOJ Ref. # CRM-182-79587; Subject Account:  suu_v*

### APPLICATION OF THE UNITED STATES
### FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel, respectfully submits this *ex parte* application for an Order, pursuant to 18 U.S.C. §§ 2703(d) and 3512(a), and the Treaty Between the Government of the United States of America and the Government of the Republic of Austria on Mutual Legal Assistance in Criminal Matters, Austria-U.S., Feb. 23, 1995, S. TREATY DOC. NO. 104-21 (1995) (hereinafter, the "Treaty"), as supplemented by the Protocol to the Treaty Between the Government of the United States of America and the Government of the Republic of Austria on Mutual Legal Assistance in Criminal Matters signed 23 February 1995, Austria-U.S., July 20, 2005, S. TREATY DOC. NO. 109-13 (2006) (hereinafter, the "Protocol"), to execute a request from the Republic of Austria ("Austria").  The proposed Order would require Snap Inc. ("PROVIDER"), an electronic communication service and/or remote computing service provider located in Santa Monica, California, to disclose certain records and other information pertaining to the PROVIDER account associated with **suu_v**, as set forth in Part I of Attachment A to the proposed Order, within ten days of receipt of the Order.  The records and other information to be disclosed are

described in Part II of Attachment A to the proposed Order. In support of this application, the United States asserts:

## LEGAL BACKGROUND AND JURISDICTION

1. PROVIDER is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require PROVIDER to disclose the items described in Part II of Attachment A. *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2. Pursuant to the applicable treaty, this Court has jurisdiction to issue the proposed Order. *See* Treaty art. 5(3) (authorizing courts to issue orders necessary to execute the request). In addition, this Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711. 18 U.S.C. § 2703(d). Specifically, the Court "is acting on a request for foreign assistance pursuant to [18 U.S.C.] section 3512." 18 U.S.C. § 2711(3)(A)(iii); *see also* 18 U.S.C. § 3512(a)(2)(B) (court may issue "a warrant or order for contents of stored wire or electronic communications or for records related thereto, as provided under section 2703"); 18 U.S.C. § 3512(c)(3) ("application for execution of a request from a foreign authority under this section may be filed . . . in the District of Columbia").

3. Section 3512 provides:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.

18 U.S.C. § 3512(a)(1). This application to execute Austria's request has been duly authorized

by an appropriate official of the Department of Justice, through the Criminal Division, Office of International Affairs,[1] which has authorized execution of the request and has delegated the undersigned to file this application. The undersigned has reviewed the request and has confirmed that it was submitted by authorities in Austria in connection with a criminal investigation and/or prosecution.

4. A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that . . . the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## RELEVANT FACTS

5. Authorities in Austria are investigating an unknown suspect for dangerous threat offenses, which occurred on January 13, 2021, in violation of the criminal law of Austria, specifically, Section 107 of the Austrian Criminal Code. A copy of the applicable law is appended to this application. The United States, through the Office of International Affairs, received a request from Austria to provide the requested records to assist in the criminal

---

[1] The Attorney General, through regulations and Department of Justice directives, has delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters. *See* 28 C.F.R. §§ 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81B and 81C (2018).

investigation and/or prosecution.   Under the Treaty and Protocol, the United States is obligated to render assistance in response to the request.

6.        According to authorities in Austria, on January 13, 2021 at 11:19 p.m., a female in Austria (the "Victim") received messages from an unknown person (the "Suspect") using the Snapchat account **suu_v** (the "Account").  The Suspect sent the following messages (translated from German):

- Let me have it from the rear, Honey
- Let me fuck you from the rear, I fuck you
- Will you give your ass?

7.        The investigation revealed that in response, the Victim asked the Suspect to identify himself.  The Suspect replied that he belonged to a gang.  The Victim asked the Suspect to send her a photo, but the Suspect did not.  Instead, the Suspect asked the Victim to send a photo of herself, noting that he liked to remain "anonymous."  The Victim did not send her photo to the Account.

8.        Austrian authorities report that the Victim took screenshots of the messages.[2] Soon thereafter, the Suspect wrote (translated from German):

- I cut your throat by a knife[.]  Make one more time a screenshot, look as we find out your address within a couple of hours, I fuck you and your sister.
- Will you allow it from the rear
- Or not
- I fuck you
- o.k. give me some hours I will find out where you live[.]  I will visit you spontaneously[.]  You know that we will find everything, Honey[.]

9.        On January 14, 2021, the Victim filed a criminal complaint with Austrian authorities.  The Victim told Austrian authorities that the messages frightened her, particularly

---

[2] The application has a function that informs a user when another user has taken a screenshot of their messages.

because the Suspect, whom she did not know, somehow knew that she had a sister. She further informed Austrian authorities that her sister was not familiar with the Account.

10. To further their investigation and help determine the identity and location of the Suspect, Austrian authorities seek certain records concerning the Account, which is serviced by PROVIDER.

### REQUEST FOR ORDER

11. The facts set forth above show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these items will help authorities in Austria identify and locate the individual(s) who are responsible for the criminal activity under investigation, and to determine the nature and scope of that criminal activity. Accordingly, the United States requests that PROVIDER be directed to produce all items described in Part II of Attachment A to the proposed Order within ten days of receipt of the Order.

    Respectfully submitted,

    VAUGHN A. ARY
    DIRECTOR
    OFFICE OF INTERNATIONAL AFFAIRS
    OK Bar Number 12199

By: /s/ Vanessa M. Otero
    Vanessa M. Otero
    Trial Attorney
    Maryland State Bar Member
    Office of International Affairs
    Criminal Division, Department of Justice
    1301 New York Avenue, N.W., Suite 300
    Washington, D.C. 20530
    (202) 305-9827 telephone
    (202) 514-0080 facsimile
    Vanessa.Otero@usdoj.gov

**Relevant Provision of the Austrian Criminal Code**

**Section 107 – Dangerous Threat**

(1)  A person who dangerously threatens another person in order to put the other person into a state of fear and anxiety shall be sentenced to a prison term of up to one year or with a pecuniary fine of up to 720 daily rates.

(2)  A person who commits a dangerous threat by making death threats or by threatening serious mutilation or noticeable disfigurement, kidnapping, arson, nuclear power hazards, ionizing radiation or explosives, or loss of economic existence or social status, or by putting the threatened person or another person against whom the violence is used or against which the dangerous threat is made into a state of agony through these means for a longer period of time shall be sentenced to a prison term of up to three years.